EDWARDS *against* DAVIS.

IN ERROR.

</div>

Unliquidated damages cannot be set off, although they might be recovered in *indebitatus assumsit*.

---

The circumstances of the case are fully stated in the opinion of the Chief Justice.

KINSEY, C. J. delivered the opinion of the court. This is the first attempt that I have met with to offset a *tort;* and so palpably improper and illegal was the admission of the evidence, that it is scarcely requisite to state the grounds which have induced us to reverse the judgment of the court below.

It appears that Edwards brought *assumsit* on an *insimul computassent,* for goods sold and delivered, &c. The defendant pleaded payment, and, under this plea, offered to set off the value of a horse, which was in the possession of the plaintiff, and had never been returned. The evidence by which this defence was supported, went to shew that the carter in the plaintiff's service gave the horse in question a stroke with a whip, in consequence of which he jumped into a mill-pond and was drowned.

It is contended, that this evidence was properly admitted, because the value of the horse might have been recovered in an action of *indebitatus assumsit.*

It is not alleged or pretended, that there was anything like a sale of the horse. It is therefore, in my opinion, clearly a *tort,* and not the subject of a set-off.

The case of *Hambly* v. *Trott,* which has been cited, does not contradict this doctrine. From the language of the court in that case, it may be inferred, that *assumsit* might be brought against an executor to recover the value of trees which had been tortiously cut down by testator; but this is to prevent a failure of justice, and because trespass would not lie. It is no conclusion, however, from this, that damages for an act of this kind could be the subject of a set-off. Nothing can be set off for which *indebitatus assumsit* would not lie, but the converse of the rule is not equally true. The act of assembly speaks of persons " indebted to each other by bonds or the like," &c. The case of *Howlet* v. *Strickland, Cowp.* 57, proves that unliquidated damages cannot be set off. The judgment of the court below must be reversed.

Judgment reversed.